Ramsey Hanafi, SBN 262515
QUINTANA HANAFI PUNGPRAKEARTI, LLP
351 California Street Suite 300
San Francisco, CA 94104
Tel.: (415) 504-3121
Fax: (415) 233-8770
ramsey@qhplaw.com

Attorneys for NIMA SHOMALI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMA SHOMALI, an individual<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation, and Does 1-10<br><br>　　　　Defendant. | **CASE NO. 3:15-cv-02612-RS**<br><br>**PLAINTIFF/COUNTER-DEFENDANT'S UNOPPOSED ADMINISTRATIVE MOTION TO SEAL COMPLAINT AND COUNTER-COMPLAINT; [PROPOSED] STIPULATED ORDER** |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation, and Does 1-10,<br><br>　　　　Counterclaimant,<br><br>　　　v.<br><br>NIMA SHOMALI, an individual<br><br>　　　　Counterdefendant | |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff/Counterdefendant Nima Shomali submits this unopposed Administrative Motion seeking a Stipulated Court Order sealing the operative pleadings in this matter, specifically Plaintiff/Counterclaimant's Complaint, and International Business Machines Corporation's Answer & Counterclaim, or in the alternative, filing under seal of redacted copies of the operative pleadings, attached to the Declaration of Ramsey Hanafi ("Hanafi Dec.") as Exhibits 1 & 2, respectively. These pleadings contain confidential medical information that is being copied and re-published by third party websites without Plaintiff's consent. Plaintiff has learned that prospective employers have found this case via simple Google searches of the Plaintiff's name, and they are making incorrect assumptions about the (now stale) medical accommodations specified in the pleadings. This is negatively affecting his job search.  Two websites have refused to remove their publications of this case without a court order.

Although these case files are publicly available through PACER and the court's electronic database, publication by these third party websites has increased the ease of access and increased the chances that this information will be misused or taken out of context. Plaintiff thus requests a court order to seal the operative pleadings, or in the alternative redact his private medical information.

I.      **LEGAL STANDARD**

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). A party requesting sealing of court records must "articulate[ ] compelling reasons supported by specific factual findings," *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir.2003).  As the Ninth Circuit acknowledges, "Congress has recognized the importance of privacy in medical records in a variety of contexts, most prominently in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936 (1996)." *United States v. Comprehensive Drug Testing, Inc.,* 473 F.3d 915, 970 (9th Cir. 2006).

//

## II. THIRD PARTY REPUBLICATION OF THE PLEADINGS IN THIS CASE JUSTIFY SEALING THE PLEADINGS, OR IN THE ALTERNATIVE, REDACTION OF THE OPERATIVE PLEADINGS.

In the instant case, the operative pleadings contain private medical information concerning medical conditions under which the Plaintiff sought accommodations from his employer. During the pendency of this litigation, it became apparent from Google searches of the Plaintiff's name that third party websites such as www.plainsite.org and www.leagle.com were republishing documents from this case on their websites. (Declaration of Nima Shomali [Shomali Dec.] ¶¶ 3, 5.)  These websites, and the documents they republish, are far more readily available to the public than the official record available on PACER and the ECF system. Searching and downloading federal court documents from PACER or ECF requires registration, along with costs per page. Plaintiff's complaint is not a class action, does not contain matters of great public concern, and pleads personal medical information in order to meet applicable pleading standards for FEHA disability discrimination causes of action.

Plaintiff asked these third party websites take down his personal information, and all but two have complied. (Shomali Dec. ¶ 5.) The websites that have not complied are www.plainsite.org and www.leagle.com. (*Ibid.* Exh. 1.)  These sites told Plaintiff they would do so if he obtained a court order sealing the pleadings, leading to this motion.  Plaintiff has since been asked about this lawsuit in job interviews—specifically, whether he still requires accommodations at work stemming from the medical disabilities specified in the pleadings. (*Id.* at ¶ 7.) While Plaintiff understands that his court filing is public record, a court order limiting access to these pleadings in any way will help Plaintiff in his efforts to remove the pleadings from third party republishing sites. This in turn will limit the availability of these pleadings from simple web searches on sites such as Google, Bing, Yahoo, etc., so that future employers are not so easily prejudiced by his prior requests for work accommodations. (*Ibid.*)

## III. PLAINTIFF'S REQUEST IS NARROWLY TAILORED

Plaintiff does not seek sealing of the entire file. Furthermore, Plaintiff seeks in the alternative the redaction of a limited number of excerpts in the complaint and counterclaim, wherein the specifics of his medical conditions are discussed.

*Shomali v. IBM,* Northern District of California Case No. 3:15-cv-02612-MEJ
PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL

## IV. EFFORTS TO MEET AND CONFER

Plaintiff has met and conferred with IBM, and IBM has stipulated to Plaintiff's Motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant Plaintiffs' Administrative Motion to Seal. A Proposed Order has been filed and served herewith.

Dated: _June 23_____, 2016         QUINTANA HANAFI
                                    PUNGPRAKEARTI, LLP


                                     _/s/Ramsey Hanafi_____
                                    Ramsey Hanafi
                                    Attorneys for Nima Shomali

- 4 -

*Shomali v. IBM,* Northern District of California Case No. 3:15-cv-02612-MEJ
PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL