E. JEFFREY GRUBE (SB# 167324)
KATHERINE HUIBONHOA (SB# 207648)
C. YEWLEH CHEE (SB# 281710)
jeffgrube@gbgllp.com
katherinehuibonhoa@gbgllp.com
yewlehchee@gbgllp.com
GRUBE BROWN & GEIDT LLP
601 Montgomery Street, Suite 1150
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

**Redacted pursuant to Court order**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMA SHOMALI, an individual,<br><br>                         Plaintiff,<br><br>        vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation, and Does 1-10,<br><br>                         Defendants.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation,<br><br>                         Counterclaimant,<br><br>        vs.<br><br>NIMA SHOMALI, an individual,<br><br>                         Counterdefendant. | CASE NO. 3:15-cv-02612-MEJ<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER TO COMPLAINT AND COUNTERCLAIM** |

Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM") hereby answers and pleads in response to the Complaint of Plaintiff NIMA SHOMALI ("Plaintiff") as follows:

## VENUE, JURISDICTION AND INTRADISTRICT ASSIGNMENT[1]

1. Answering Paragraph 1, IBM admits the allegations contained in this Paragraph.

2. Answering Paragraph 2, IBM admits that it is subject to jurisdiction in this district. Plaintiff's reference to "the claim" is vague and ambiguous, particularly given Plaintiff's broad allegations in his Complaint. IBM therefore denies the allegation that "a substantial part of the events or omissions giving rise to the claim occurred in this district." Except as expressly admitted, IBM denies, generally and specifically, each and every remaining allegation contained in this Paragraph.

3. Answering Paragraph 3, Plaintiff's reference to "Plaintiff's claims" is vague and ambiguous, particularly given Plaintiff's broad allegations in his Complaint. IBM therefore denies, generally and specifically, each and every allegation contained in this Paragraph.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Answering Paragraph 4, IBM admits that Plaintiff has received a Notice of Case Closure and Right to Sue notice from the Department of Fair Employment and Housing. Plaintiff's reference to "their claims" is vague and ambiguous, particularly given Plaintiff's broad allegations in his Complaint. IBM therefore denies the allegation that he "has received a 'right-to-sue' notice for all of their claims prior to filing this complaint." Except as expressly admitted, IBM denies, generally and specifically, each and every remaining allegation contained in this Paragraph.

## PARTIES

5. Answering Paragraph 5, IBM admits that Plaintiff is an adult. IBM denies that Plaintiff has been employed by IBM since July 2012, but avers that he has been employed by IBM since August 2012. Except as expressly admitted or averred, IBM denies, generally and

---

[1] For ease of reference, IBM repeats the headings set forth in the Complaint. By doing so, IBM makes no admission as to the truth of any factual allegations contained in or implied by these headings.

Case No. 3:15-cv-02612-MEJ -1- IBM'S ANSWER AND COUNTERCLAIM

1  specifically, each and every remaining allegation contained in this Paragraph.

2        6.      Answering Paragraph 6, IBM admits the allegations contained in this Paragraph.

3        7.      Answering Paragraph 7, IBM admits the allegations contained in this Paragraph.

4        8.      Answering Paragraph 8, IBM lacks sufficient information or belief to enable it

5  either to admit or deny the allegations in the Paragraph and, on that basis, denies generally and

6  specifically the allegations contained therein.

### FACTS COMMON TO ALL CAUSES OF ACTION

8        9.      Answering Paragraph 9, IBM admits that on or about July 19, 2012, IBM offered

9  Plaintiff employment as a Senior Consultant for approximately $120,000 annually, and avers that

10 IBM provided Plaintiff with a revised offer letter on or about August 17, 2012. IBM admits that

11 Plaintiff has performed work for IBM outside of the United States, but denies that Plaintiff's

12 "'home office' at the inception of his employment through to the present day is IBM's San

13 Francisco, California office." Except as expressly admitted or averred, IBM denies, generally and

14 specifically, each and every remaining allegation contained in this Paragraph.

15      10.     Answering Paragraph 10, IBM admits on information and belief that prior to his

16 hire at IBM, Plaintiff [REDACTED]. IBM lacks

17 sufficient knowledge or information regarding the remaining allegations contained in this

18 Paragraph and, on that basis, denies them, generally and specifically.

19      11.     Answering Paragraph 11, IBM lacks sufficient information or belief to enable it

20 either to admit or deny the allegations in the Paragraph and, on that basis, denies generally and

21 specifically the allegations contained therein.

22      12.     Answering Paragraph 12, IBM admits that in response to an email Plaintiff sent to

23 Dan Prieto on or about July 23, 2012, stating that (a) [REDACTED]

24 [REDACTED], and (c) he would likely need until early

25 September before flying, Mr. Prieto left Plaintiff a voicemail on or about July 27, 2012 to discuss

26 potential start dates. Except as expressly admitted, IBM denies, generally and specifically, each

27 and every allegation contained in this Paragraph.

28

Case No. 3:15-cv-02612-MEJ     -2-     IBM'S ANSWER AND COUNTERCLAIM

13. Answering Paragraph 13, IBM admits that Plaintiff reported for his assignment in Afghanistan in or around September 2012. Except as expressly admitted, IBM denies, generally and specifically, each and every remaining allegation contained in this Paragraph.

14. Answering Paragraph 14, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

15. Answering Paragraph 15, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

16. Answering Paragraph 16, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

17. Answering Paragraph 17, IBM admits that in early December 2012, Plaintiff received a Project Assessment. IBM further admits that the evaluator wrote, among other things, that "Nima's role in Mazar efforts and his ability to gain the client's trust in a short period of time have made him invaluable to a key strategic area for the client. This is critical for not only the client but also for IBM during the contract's recompete." Except as expressly admitted, IBM denies, generally and specifically, each and every remaining allegation contained in this Paragraph.

18. Answering Paragraph 18, IBM lacks sufficient information or belief to enable it either to admit or deny the allegations in the Paragraph and, on that basis, denies generally and specifically the allegations contained therein.

19. Answering Paragraph 19, IBM denies that it sent Plaintiff back to Afghanistan in early January 2013, but avers that Plaintiff departed for Dubai en route to Afghanistan for an IBM assignment on or about January 31, 2013. Except as expressly averred, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

20. Answering Paragraph 20, IBM admits on information and belief that Plaintiff ordered elbow supports from Amazon.com. Except as expressly admitted, IBM denies, generally and specifically, each and every remaining allegation contained in this Paragraph.

21. Answering Paragraph 21, IBM lacks sufficient information or belief to enable it

either to admit or deny the allegations in the Paragraph and, on that basis, denies generally and specifically the allegations contained therein.

22. Answering Paragraph 22, IBM avers that Plaintiff attended a conference in New York in the first half of 2013. Except as expressly averred, IBM lacks sufficient information or belief to enable it either to admit or deny the remaining allegations in the Paragraph and, on that basis, denies generally and specifically the allegations contained therein.

23. Answering Paragraph 23, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

24. Answering Paragraph 24, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

25. Answering Paragraph 25, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

26. Answering Paragraph 26, IBM avers that Plaintiff left Afghanistan in or around April 2013. Except as expressly averred, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

27. Answering Paragraph 27, IBM lacks sufficient information or belief to enable it either to admit or deny the allegations in the Paragraph and, on that basis, denies generally and specifically the allegations contained therein.

28. Answering Paragraph 28, IBM avers that Plaintiff has been on leave since June 2014. Except as expressly averred, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

29. Answering Paragraph 29, IBM admits that in March 2015, a health care provider completed a Medical Treatment Report form stating Plaintiff was able to work with job modifications of "working from home with limited typing to 1 h a day and must be able to ambulate every hour and lie down 4-5x/day." Except as expressly admitted, IBM denies, generally and specifically, each and every remaining allegation in this Paragraph.

30. Answering Paragraph 30, IBM admits that on or about April 3, 2015, a health care

provider completed a Medical Treatment Report form stating Plaintiff was able to work with job modifications of "working from home with limited typing to 2 hrs/day and must be able to ambulate every hour and lie down 3x/day (5 minutes)." Except as expressly admitted, IBM denies, generally and specifically, each and every remaining allegation in this Paragraph.

31. Answering Paragraph 31, IBM admits that on or about April 22, 2015, a health care provider completed a Medical Treatment Report form stating Plaintiff was able to work with job modifications of "type 3h/day, can travel for work in California 1d/week, work 4 days/wk from home with ability to lie down 2x/day for 5 minutes/session." Except as expressly admitted, IBM denies, generally and specifically, each and every remaining allegation in this Paragraph.

32. Answering Paragraph 32, denies, generally and specifically, each and every allegation contained in this Paragraph.

33. Answering Paragraph 33, IBM lacks sufficient information or belief to enable it either to admit or deny that "Plaintiff spends a varying amount of hours a day looking for open consulting positions at IBM." IBM denies that Plaintiff performs other administrative work related to his employment. IBM further denies, generally and specifically, each and every remaining allegation in this Paragraph.

34. Answering Paragraph 34, IBM admits the allegations contained in this Paragraph.

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF FEHA

35. Answering Paragraph 35, IBM realleges and incorporates by reference its answers to Paragraphs 1 through 34 as though fully set forth herein.

36. Answering Paragraph 36, the Paragraph makes no substantive factual allegations, only legal statements to which no response is required. To the extent a response is required, IBM admits that California Government Code section 12920 states: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of … physical disability[.]" Cal. Gov't Code § 12920.

Case No. 3:15-cv-02612-MEJ -5- IBM'S ANSWER AND COUNTERCLAIM

37. Answering Paragraph 37, the Paragraph makes no substantive factual allegations, only legal argument to which no response is required. To the extent a response is required, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

38. Answering Paragraph 38, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

39. Answering Paragraph 39, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

40. Answering Paragraph 40, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

41. Answering Paragraph 41, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

42. Answering Paragraph 42, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

43. Answering Paragraph 43, IBM admits that Plaintiff prays for relief, but IBM expressly denies any liability to Plaintiff. Except as expressly admitted, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REASONABLE ACCOMDATION—FEHA**

44. Answering Paragraph 44, IBM realleges and incorporates by reference its answers to Paragraphs 1 through 43 as though fully set forth herein.

45. Answering Paragraph 45, the Paragraph makes no substantive factual allegations, only legal argument to which no response is required. To the extent a response is required, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

46. Answering Paragraph 46, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

47. Answering Paragraph 47, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

48. Answering Paragraph 48, IBM admits that Plaintiff prays for relief, but IBM expressly denies any liability to Plaintiff. Except as expressly admitted, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN INTERACTIVE PROCESS—FEHA

49. Answering Paragraph 49, IBM realleges and incorporates by reference its answers to Paragraphs 1 through 48 as though fully set forth herein.

50. Answering Paragraph 50, the Paragraph makes no substantive factual allegations, only legal argument to which no response is required. To the extent a response is required, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

51. Answering Paragraph 51, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

52. Answering Paragraph 52, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

53. Answering Paragraph 53, IBM denies, generally and specifically, each and every allegation contained in this Paragraph.

### FOURTH CAUSE OF ACTION[2]

### FAILURE TO PAY WAGES FOR HOURS WORKED

54. Answering Paragraph 54, IBM realleges and incorporates by reference its answers to Paragraphs 1 through 53 as though fully set forth herein.

55. Answering Paragraph 55, the Paragraph makes no substantive factual allegations, only legal conclusions to which no response is required. To the extent a response is required, IBM admits that California Labor Code section 200 reads in part: "'Wages' includes all amounts for labor performed…"

56. Answering Paragraph 56, the Paragraph makes no substantive factual allegations, only legal conclusions to which no response is required. To the extent a response is required,

---

[2] Plaintiff's Complaint labels the cause of action covering paragraphs 54-62 as the "Fifth Cause of Action." For the sake of continuity, IBM re-numbers it as the "Fourth Cause of Action."

| Case No. 3:15-cv-02612-MEJ | -7- | IBM'S ANSWER AND COUNTERCLAIM |

1  IBM admits that Industrial Welfare Commission Order No. 4-2001, subsection 2(K) reads in part:

2  "'Hours worked' means the time during which an employee is subject to the control of an

3  employer, and includes all the time the employee is suffered or permitted to work, whether or not

4  required to do so."

5  57. Answering Paragraph 57, IBM denies, generally and specifically, each and every

6  allegation contained in this Paragraph.

7  58. Answering Paragraph 58, IBM denies, generally and specifically, each and every

8  allegation contained in this Paragraph.

9  59. Answering Paragraph 59, IBM denies, generally and specifically, each and every

10  allegation contained in this Paragraph.

11  60. Answering Paragraph 60, IBM denies that it has failed to pay Plaintiff for any

12  hours worked. The remainder of the Paragraph makes no substantive factual allegations, only

13  legal conclusions to which no response is required. To the extent a response is required, IBM

14  denies, generally and specifically, each and every allegation contained in this Paragraph.

15  61. Answering Paragraph 61, IBM denies, generally and specifically, each and every

16  allegation contained in this Paragraph.

17  62. Responding to the Prayer for Relief in the Complaint, IBM denies, generally and

18  specifically, that Plaintiff has been or will be damaged in the sums alleged, in any other sum, or at

19  all, by reason of any act or omission of IBM or any officer, agent, or employee of IBM. IBM

20  further denies, generally and specifically, that the elements of relief sought are available to

21  Plaintiff on the particular claims alleged.

## **AFFIRMATIVE DEFENSES**

23  Without admitting any facts alleged by Plaintiff, IBM also pleads the following separate

24  and affirmative defenses to the Complaint:

## **FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

27  63. The Complaint, and each of its causes of action, fails to state facts sufficient to

constitute a cause of action.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

64. The Complaint, and each of its causes of action, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Government Code section 12960(d) and California Labor Code section 338.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Laches)

65. The Complaint, and each of its causes of action, is barred by the doctrine of laches.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Improper Venue)

66. The Complaint, and each of its causes of action, is barred to the extent that venue is improper.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Waiver)

67. Plaintiff waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

68. The Complaint, and each of its causes of action, is barred by the improper conduct and "unclean hands" of Plaintiff.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Estoppel)

69. Plaintiff is estopped from pursuing the Complaint, and each of its causes of actions, by reason of Plaintiff's own actions and course of conduct.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Actions Based on Legitimate, Non-discriminatory Reasons)

70. The Complaint, and each of its causes of action, is barred because all of IBM's

actions with respect to Plaintiff were taken solely for legitimate, non-discriminatory reasons.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

71. IBM did not commit the acts or omissions as stated in the Complaint for discriminatory motives, but, assuming that it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-pretextual reasons.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Failure to Exhaust)**

72. Plaintiff's first, second, and third causes of action are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies by properly filing and serving a complaint with the California Department of Fair Employment and Housing ("DFEH").

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Time-Barred)**

73. Plaintiff's first, second, and third causes of action are time-barred to the extent that Plaintiff makes allegations or claims under the Fair Employment and Housing Act ("FEHA") with respect to a time period more than one year before Plaintiff filed a complaint with the DFEH, or which were not made the subject of a timely DFEH complaint.

**TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Outside the Scope of FEHA Demand)**

74. Plaintiff's first, second, and third causes of action are barred, in whole or in part, to the extent Plaintiff makes allegations or claims under the FEHA that do not reasonably fall within the scope of claims made in any administrative complaint Plaintiff filed with the DFEH.

**THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Extraterritoriality)**

75. Plaintiff's first, second, and third causes of action are barred to the extent Plaintiff makes allegations or claims under the FEHA that arise out of alleged conduct that occurred outside the state of California.

**FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction)**

76. Plaintiff's first, second, and third causes of action are barred to the extent that the Court lacks subject matter jurisdiction on the ground that the FEHA does not apply extraterritorially.

**FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Job Relatedness/Business Necessity)**

77. Plaintiff's first, second, and third causes of action are barred because the processes, standards, policies, personnel actions, job qualifications, and job requirements being challenged or that are implicated by the allegations of the Complaint are job-related and consistent with business necessity.

**SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

78. Plaintiff's first, second, and third causes of action are barred, in whole or in part, because the exclusive remedy for Plaintiff's purported injuries is the California Workers' Compensation Act, California Labor Code section 3600 *et seq*.

**SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Actions Based on Factors Other than Disability)**

79. IBM's actions, if any, were based on *bona fide* factors other than Plaintiff's disability.

**EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Failure to Request Accommodation)**

80. Plaintiff's second and third causes of action are barred to the extent Plaintiff did not request any accommodation from IBM.

**NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Accommodations Provided)**

81. Plaintiff's second and third causes of action fail because IBM provided Plaintiff

1 with accommodations as required by law.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

**(Undue Hardship)**

82. Plaintiff's second and third causes of action fail, in whole or in part, because the accommodation(s) requested by Plaintiff would be unreasonable and/or would create an undue hardship.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

**(Health and Safety)**

83. Plaintiff's second and third causes of action fail, in whole or in part, because Plaintiff is not able to perform the essential duties of his job, with or without reasonable accommodation, without endangering the health or safety of himself or others.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

**(Failure to Engage in Interactive Process)**

84. Plaintiff's second and third causes of action are barred because Plaintiff did not engage in the interactive process.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

**(Failure to Provide Fitness for Duty Statement)**

85. Plaintiff's second and third causes of action are barred, in whole or in part, to the extent Plaintiff did not furnish to IBM a written statement from his health-care provider that he was fit to return to work and that outlined all the restrictions on Plaintiff's ability to return to work to enable IBM to make its accommodation decisions.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

**(Good Faith)**

86. The Complaint is barred, in whole or in part, because at all relevant times, IBM did not willfully fail to comply with any provision of the California Labor Code or California Industrial Welfare Commission Wage Orders, but rather acted based on its good-faith belief that its acts or omissions were lawful.

**TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

87. Plaintiff is barred from recovering damages or penalties because such recovery would constitute unjust enrichment in this action.

**TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

88. Plaintiff is not entitled to recover punitive or exemplary damages, and any allegations with respect thereto should be stricken, because an award of punitive damages in this action would violate IBM's constitutional rights under the due process clauses of Article 1 of the California Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

**TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(California Civil Code § 3294)**

89. Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

   a. Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud and/or malice; and/or

   b. Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for his rights or that IBM was motivated by evil motive or intent; and/or

   c. Neither IBM, nor any of its managing agents, committed any alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others.

### TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Good Policies Foreclose Punitive Damages)

90. Plaintiff is not entitled to recover any punitive or exemplary damages against IBM, and any allegations with respect thereto should be stricken, because at all times relevant to the Complaint, IBM had in place policies to prevent harassment and discrimination in the workplace and made good-faith efforts to implement and enforce those policies.

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

91. To the extent during the course of this litigation IBM acquires any evidence of wrongdoing by Plaintiff that would have materially affected the terms and conditions of Plaintiff's employment, such after-acquired evidence shall bar or reduce Plaintiff's damages as provided by law.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

### (Setoff)

92. IBM is entitled to a setoff or credit for any amounts overpaid to Plaintiff during his employment, including, but not limited to, at least $6,493.40 IBM has overpaid Plaintiff in disability benefits.

### THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

93. To the extent that Plaintiff has failed to mitigate or make reasonable efforts to mitigate his alleged damages, including by finding work with IBM, his recovery of damages, if any, must be barred or reduced accordingly.

### THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Preservation of Unknown Defenses)

94. IBM currently has insufficient knowledge or information on which it may form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. IBM hereby reserves the right to assert additional defenses in the event that discovery reveals that they

would be appropriate.

## COUNTERCLAIM

Counterclaimant IBM hereby alleges as follows:

## JURISDICTION

1. IBM is a corporation organized under the laws of the State of New York. IBM maintains its principal place of business in Armonk, New York.

2. Counterdefendant Nima Shomali ("Shomali") is an individual who claims to be a resident of Lafayette, California.

3. Supplemental jurisdiction exists over this Counterclaim pursuant to 28 U.S.C. § 1367(a) because the claims asserted in this Counterclaim and the claims asserted in Shomali's Complaint "derive from a common nucleus of operative fact," such that they form part of the same case or controversy. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

## FACTUAL ALLEGATIONS

4. The IBM Short-Term Disability Income Plan for Employees Hired or Rehired 01/01/2004 and later, contained in section 2 of the March 31, 2014 edition of About Your Benefits – Income & Asset Protection (the "Short-Term Disability Income Plan"), provides salary continuation (minus Workers' Compensation wage payments and/or Social Security Disability Income payments) for each day absent, up to a maximum of 26 weeks (1,040 hours) in a period of 12 consecutive months. Employees with less than five years of service are eligible for 100% salary continuation for the first 13 weeks and 66 2/3% salary continuation for an additional 13 weeks.

5. The Short-Term Disability Income Plan states that "[i]f for any reason, you receive an overpayment of STD [Short-Term Disability] benefits, this overpayment must be repaid to IBM."

6. IBM employees become eligible for the Short-Term Disability Income Plan from the first day of employment.

7. IBM hired Shomali effective August 27, 2012.

8. IBM approved Shomali's short-term disability requests from approximately January 2014 through February 2014. IBM also approved Shomali's short-term disability requests beginning in approximately June 2014.

9. Under the Short-Term Disability Income Plan, Shomali should have started receiving 66 2/3% salary continuation after 13 weeks, beginning in approximately August 2014. However, IBM continued to pay him 100% salary continuation beyond 13 weeks, through approximately October 2014.

10. After IBM became aware of the overpayment in or around early November 2014, it notified Shomali that he owed IBM approximately $7,031.29 and was obligated repay this amount pursuant to the terms and conditions of the Short-Term Disability Income Plan.

11. IBM has reminded Shomali of his obligation to repay IBM numerous times.

12. IBM has been able to recover approximately $101.95 in Medicare taxes and $435.94 in Social Security taxes.

13. Shomali has not reimbursed IBM for any amount of the overpayment, causing damages in the amount of at least $6,493.40, plus interest.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

14. IBM realleges and incorporates by reference Paragraphs 1 through 13 as though fully set forth herein.

15. Shomali applied for and received benefits under the Short-Term Disability Income Plan.

16. IBM performed all of its duties required under the Short-Term Disability Income Plan.

17. Shomali has failed to repay the overpayment as required under the terms and conditions of the Short-Term Disability Income Plan.

18. As a result of Shomali's refusal to repay the overpayment, Shomali has breached the Short-Term Disability Income Plan, causing harm to IBM in the amount of at least $6,493.40.

## SECOND CAUSE OF ACTION

## RESTITUTION/UNJUST ENRICHMENT

19. IBM realleges and incorporates by reference Paragraphs 1 through 18 as though fully set forth herein.

20. By receiving Short-Term Disability benefits at 100% salary continuation instead of at 66 2/3% salary continuation for more than 13 weeks, from approximately August 2014 to October 2014, Shomali received a benefit in the amount of at least $6,493.40 to which he was not entitled.

21. Shomali has unjustly retained and failed to repay any portion of the overpayment. He has therefore been unjustly enriched in the amount of at least $6,493.40, at the expense of IBM.

22. As a result of Shomali's refusal to repay the overpayment, IBM has incurred a loss of at least $6,493.40.

23. IBM is entitled to restitution in the amount of at least $6,493.40, plus interest.

WHEREFORE, Defendant and Counterclaimant IBM prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for IBM;

2. As to the Counterclaim, that judgment be entered for IBM and against Shomali in the sum of at least $6,493.40, with interest through the date of judgment;

3. That IBM be awarded its reasonable costs and attorneys' fees; and

4. That IBM be awarded such other and further relief as the Court deems just and proper.

Dated: August 14, 2015     GRUBE BROWN & GEIDT LLP

By:   /s/  Katherine C. Huibonhoa
          KATHERINE C. HUIBONHOA

Attorneys for Defendant and Counterclaimant
INTERNATIONAL BUSINESS MACHINES
CORPORATION